FILED

NOT FOR PUBLICATION

JUL 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD D. KIRKISH, | No. 10-15480 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01965-NVW |
| v. | |
| MESA IMPORTS, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 15, 2011
San Francisco, California

Before: FERNANDEZ and BYBEE, Circuit Judges, and SINGLETON, Senior District Judge.[**]

Plaintiff-Appellant Gerald Kirkish ("Kirkish") appeals the district court's

grant of summary judgment for Defendant-Appellee Mesa Imports, Inc. ("Mesa")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

on his claims under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101–12213. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mesa's inquiry into Kirkish's prescription medication was justified by business necessity. *See* 42 U.S.C. § 12112(d)(4)(A). It is undisputed that driving cars was an essential part of Kirkish's job. Even though Kirkish was never involved in any automobile accidents on the job, "the business necessity standard may be met even *before* an employee's work performance declines if the employer is faced with significant evidence that could cause a reasonable person to inquire as to whether an employee is still capable of performing his job." *Brownfield v. City of Yakima*, 612 F.3d 1140, 1146 (9th Cir. 2010) (quoting *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 811 (6th Cir. 1999)) (quotation marks omitted) (emphasis added). Here, Mesa already knew that Kirkish was taking prescription pain medication. Given the serious side-effects many prescription pain medications may have, and given that driving was a necessary part of Kirkish's job, it was clearly reasonable for Mesa to inquire whether Kirkish's medication might affect his ability to drive safely. Summary judgment on the question of whether Mesa made an improper disability-related inquiry was therefore appropriate.

Summary judgment for Mesa was also appropriate on Kirkish's disability discrimination claim, because Kirkish cannot establish that he is a person with a

disability.  *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) ("[T]o state a prima facie case under the ADA, [a plaintiff] must show that . . . []he is a disabled person within the meaning of the ADA.").  Kirkish argues he meets the ADA definition because Mesa viewed him as impaired in his ability to think.  We have held that the inability to think can constitute a disability if an ADA plaintiff establishes that there is a "substantial limitation" on his ability to think. *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053 (9th Cir. 2005).  Although Mesa had expressed concern over two incidents—one where Kirkish forgot the name of a customer, and another where he offered a customer a promotion that was no longer valid—there is no evidence to suggest that Mesa believed Kirkish's ability to think was impaired to a "substantial" degree.  Rather, the record shows that Mesa was merely unwilling to take chances with an employee who was taking pain medication with potentially negative side effects, whose doctor refused to clear him for driving, and who could not be insured through the employer's provider.

AFFIRMED.